OPINION
{¶ 1} Defendant-appellant Trent W. Pyle appeals the May 27, 2004 Judgment Entry of the Coshocton Municipal Court denying his motion to dismiss. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On August 30, 2003, appellant was involved in an accident while operating a dune buggy. His seven year old son was a passenger. During the accident, the child was ejected from the dune buggy, and was later taken to the hospital due to head injuries.
 {¶ 3} Appellant was arrested for driving under the influence, in violation of R.C. 4511.19(A)(1) ("OMVI"), and transported to the Coshocton County Sheriff's Office for a breath test. Appellant refused the test, was booked in, and placed in a cellblock. Appellant was later released without being issued a citation.
 {¶ 4} On September 26, 2003, the State filed a complaint alleging appellant operated a vehicle, under the influence of alcohol, in violation of R.C. 4511.19 (A)(1) and endangering children, in violation of R.C. 2919.22(C)(1). A warrant was issued the same date. Appellant was not served with the warrant until April 10, 2004.
 {¶ 5} Appellant entered a plea of not guilty. On May 7, 2004, appellant filed a motion to dismiss the OMVI charge for failure to comply with the provisions of R.C. 2945.71. On May 21, 2004, appellee filed a response to the motion. The trial court held a hearing on appellant's motion on May 24, 2004. On May 27, 2004, the trial court, via Judgment Entry, denied appellant's motion to dismiss. Appellant then entered pleas of no contest to both charges. The trial court found appellant guilty and sentenced him accordingly.
 {¶ 6} Appellant now appeals the May 27, 2004 Judgment Entry of the Coshocton Municipal Court denying his motion to dismiss.
 {¶ 7} Appellant raises the following assignment of error:
 {¶ 8} "I. Defendant was denied due process of law as guaranteed by the Sixth and Fourteenth Amendments of the U.S. Constitution and by O.R.C. 2945.71 et seq."
 I {¶ 9} Appellant argues the trial court denied him due process of law as he was arrested on August 30, 2003, and the state delayed the endangerment charge by 21 days and the OMVI charge by seven months. Appellant asserts the state completed the investigation on September 4, 2003, but delayed filing formal charges against appellant.
 {¶ 10} The State maintains the charges and warrant were delayed, because it took approximately six to seven months for appellant to be found, as he was no longer living within the jurisdiction of the trial court. The State notes appellant was not charged on August 30, 2003. Rather, on the date of the accident, appellant was taken into custody, evidence was gathered, and he was released the same night. As such there were no charges pending against appellant until September 26, 2003, the date the original complaint was filed with the trial court.
 {¶ 11} The complaint alleged:
 {¶ 12} "Trent W. Pyle on or about the 30th Day of August, 2003, in the County of Coshocton and State of Ohio did: Operate a vehicle within this state in violation of Division (A) of Section4511.19 of the Revised Code when one or more children under the age of 18 years of age are in the vehicle in violation of section2919.22(C)(1) of the Ohio Revised Code."
 {¶ 13} The state issued a warrant on the same date the complaint was filed. Appellant was served with the warrant on April 10, 2004.
 {¶ 14} We find the speedy trial requirements of R.C. 2945.71
do not begin to run until after the service of summons on appellant for the charges. See, City of Mansfield v. Budea
(February 6, 1992) Richland App. No. CA-2889.
 {¶ 15} The Eighth District Court of Appeals addressed the identical argument raised by appellant in State v. Fitzgerald
(March 3, 1994), Cuyahoga App. No. 65435:
 {¶ 16} "Recently, the Ohio Supreme Court in State v.Broughton (1991), 62 Ohio St.3d 252, held that the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised on the same facts as alleged in the previous indictment, shall not be counted unless the defendant is held in jail or released on bail. Most importantly, in applying the plain language of R.C. 2945.71(C), the court held, at paragraph two of the syllabus:
 {¶ 17} "The arrest of a defendant, under a subsequent indictment which is premised on the same underlying facts alleged in a previous indictment, is the proper point at which to resume the running of the speedy trial period. (R.C. 2945.71 et seq.,
construed and applied.)
 {¶ 18} "In Broughton, the defendant was re-indicted and subsequently arrested. The court held the speedy trial statute resumed running on the date of the arrest, not the date of the re-indictment. Thus, very clearly, where a charge is pending, itis the arrest which triggers the running of the speedy trialstatute.
 {¶ 19} "This court has also held that the speedy trial provisions of R.C. 2945.71 do not apply until a defendant is arrested for the particular offense from which he seeks discharge. State v. Todd (Mar. 31, 1983), Cuyahoga App No. 45383, unreported; State v. Bacsa (June 3, 1982), Cuyahoga App. No. 43997, unreported.
 {¶ 20} * * *
 {¶ 21} "Therefore, as can be seen from Broughton, Todd andBacsa, it is the arrest on a pending charge which commencesthe running of the speedy trial statute." (Emphasis added).
 {¶ 22} Upon review, the calculation relating to appellant's right to a speedy trial did not begin to run until well after the charges were filed against him; until he was served with the summons on April 10, 2004. The alleged delay between his original detainment without charges being filed and the subsequent filing of the charges is without consequence to his statutory right to a speedy trial. Further, as noted by appellee, appellant did not raise the issue of a constitutional violation of his due process rights at trial; therefore, any argument with regard to the constitutional, rather than statutory, violation of his pretrial rights, is waived on appeal.
 {¶ 23} Based upon the foregoing, the assignment of error is overruled. {¶ 24} The May 27, 2004 Judgment Entry of the Coshocton Municipal Court is affirmed.
Hoffman, P.J., Farmer, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the May 27, 2004 Judgment Entry of the Coshocton Municipal Court is affirmed. Costs assessed to appellant.